UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BARBARA BERRY, S.A. de C.V.,

    Plaintiff,

    v.

KEN M. SPOONER FARMS, INC.,

    Defendant.

Case No. C05-5538FDB

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

## INTRODUCTION

The case summary provided in the Joint Status Report states that this is a case involving a contract between the parties whereby Spooner Farms agreed to provide viable raspberry roots to Berry for the Purpose of planting and producing commercial quality raspberry fruit in Mexico. Berry alleged breach of contract in that the product sold by Spooner Farms was defective and caused Berry to incur damages.

Plaintiff Barbara Berry S.A. de C.V. (Barbara Berry or Berry) is a corporation formed under the laws of Mexico with its principal place of business located in Los Reyes, Michoacan, Mexico. Defendant Ken M. Spooner Farms, Inc. (Spooner Farms) is a Washington corporation with its principal place of business located in Puyallup, Washington.

Defendant Spooner Farms moves for summary judgment based on a written exclusionary clause that excludes Spooner Farms from all liability for Barbara Berry's Claim. Berry disputes this

ORDER - 1

claim contending that what is involved is an oral contract for the sale of raspberry roots, that the warranty disclaimer was not negotiated, was unknown to Berry at the time the contract was formed, and was not delivered to Berry until after the roots were paid for and delivered to Mexico.  Berry also contends that the contract is governed by the United Nations Convention on Contracts for the International Sale of Goods (CISG) rather than the Uniform Commercial Code (UCC).

## SUMMARY JUDGMENT STANDARD

Summary judgment is proper if the moving party establishes that there are no genuine issues of material fact and it is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  If the moving party shows that there are no genuine issues of material fact, the non-moving party must go beyond the pleadings and designate facts showing an issue for trial.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986).  Inferences drawn from the facts are viewed in favor of the non-moving party.  *T.W. Elec. Service v. Pacific Elec. Contractors,* 809 F.2d 626, 630-31 (9th Cir. 1987).

Summary judgment is proper if a defendant shows that there is no evidence supporting an element essential to a plaintiff's claim.  *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).   Failure of proof as to any essential element of plaintiff's claims means that no genuine issue of material fact can exist and summary judgment is mandated.  *Celotex*, 477 U.S. 317, 322-23 (1986).  The nonmoving party "must do more than show there is some metaphysical doubt as to the material facts."  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

## APPLICABLE LAW

The CISG does not govern the enforceability of the exclusionary clause pursuant to an express provision in the CISG.  The CISG provides at Article 4 in pertinent part:

> This Convention governs only the formation of the contract of sale and the rights and obligations of the seller and the buyer arising from such a contract.  In particular, except as otherwise expressly provided in this Convention, it is not concerned with:
> (a) the validity of the contract or of any of its provisions or of any usage;

Whether a clause in a contract is valid and enforceable is decided under domestic law, not the CISG.

ORDER - 2

*Geneva Pharmaceuticals Technology Corp. v. Barr Laboratories, Inc.*, 201 F. Supp.2d 236 S.D.N.Y. (2002), *reversed on other grounds*, 386 F.3d 485 (2004). The *Geneva* Court stated:

> Under the CISG, the validity of an alleged contract is decided under domestic law. By validity, CISG refers to any issue by which the "domestic law would render the contract void, voidable, unenforceable."

*Geneva Pharmaceuticals* at 282.

In Washington, the consistent rule has been that the exchange of purchase orders or invoices between merchants forms a written contract, and the terms contained therein are enforceable. *M. A. Mortenson Co., Inc. v. Timberline Software Corp.,* 140 Wn.2d 568, 580-85 (2000), citing RCW 62A.2-204 & RCW 62A.1-201(3); *Puget Sound Financial, L.L.C. v. Unisearch, Inc.*, 146 Wn.2d 437 (2002), citing RCW 62A.204; *Smith v. Skone & Connors Produce, Ins.*, 107 Wn. App. 199, 207 (2001), citing RCW 62A.2-201(2).

A limitation of liability clause is enforceable unless it is unconscionable. *Puget Sound Financial*, 146 Wn.2d at 440. Whether an exclusionary clause is unconscionable is determined as a matter of law. *Id.* at 438. *Mortenson,* 140 Wn.2d at 586. In a commercial transaction, exclusionary clauses are *prima facie* conscionable, and the burden of establishing unconscionability is on the party attacking the clause. *Mortenson,* 140 Wn.2d at 585-86.

There are two types of unconscionability in contracts in Washington: (1) substantive unconscionability, involving those cases where a clause in the contract is "shocking to the conscience." and (2) procedural unconscionability, which relates to impropriety during the process of forming the contract. *Id.* at 586.

With regard to "substantive unconscionability," the Washington Supreme Court stated: "As an initial matter, it is questionable whether clauses excluding consequential damages in a commercial contract can ever be substantively unconscionable." *Mortenson.* 140 Wn.2d at 586. The Court in *Mortenson* cited *Tacoma Boatbuilding Co. v. Delta Fishing Co.*, 28 U.C.C. Rep. Serv. 26, 35 (W.D. Wash 1980) where the District Court stated in rejecting an argument that the limitation clause therein

ORDER - 3

was unconscionable:

> Comment 3 to [U.C.C.] § 2-719 generally approves consequential damage exclusions as "merely an allocation of unknown or undeterminable risks." Thus, the presence of latent defects in the goods cannot render these clauses unconscionable. The need for certainty in risk-allocation is especially compelling where, as here, the goods are experimental and their performance by nature less predictable.

With regard to "procedural unconscionability" in commercial transactions, the concern is that there is no "unfair surprise" to the detriment of one of the parties. *Puget Sound Financial*, 146 Wn.2d at 439-41. The Washington Supreme Court uses a "totality of the circumstances" approach to making the determination of procedural unconscionability. *Mortenson,* 140 Wn.2d at 588. There is a non-exclusive list of factors for assessing the totality of the circumstances, which include: (1) the conspicuousness of the clause in the agreement, which includes whether the important terms were "hidden in a maze of fine print"; (2) the manner in which the parties entered into the contract, which includes whether the parties had reasonable opportunity to understand the terms of the contract; (3) the custom and usage of the trade; and (4) the course of dealing between the parties. *Puget Sound Financial*, 146 Wn.2d at 442-44.

## ANALYSIS AND CONCLUSION

For the following reasons, the Court concludes that the exclusionary clause at issue herein is valid and precludes Plaintiff's claim.

The Warranty and Limitation of Liability at issue is set forth in full in the Defendant's Motion for Summary Judgment. While Ken M. Spooner Farms, Inc. does warrant that "the product variety will be true to name" and that it will "replace, free of charge, nursery stock that is proven to be untrue to name, or refund the original amount paid, at our option," the limitation states in capital letters:

/////

/////

BUYER, AND ANY PURCHASER FROM BUYER, ACKNOWLEDGES AND

ORDER - 4

AGREES THAT SELLER MAKES NO WARRANTY AS TO THE PRODUCTIVITY OR PERFORMANCE OF THE NURSERY STOCK AND BUYER, AND ANY PURCHASER FROM BUYER, FURTHER ACKNOWLEDGES AND AGREES TO ACCEPT THE ENTIRE RISK AS TO QUALITY, PERFORMANCE AND VIABILITY OF NURSERY STOCK AND THAT ALL ITEMS ARE SOLD "AS IS" AND WITH ALL FAULTS. ... IN NO EVENT SHALL SELLER BE LIABLE FOR ANY DIRECT, INDIRECT, SPECIAL OR INCIDENTAL OR CONSEQUENTIAL DAMAGES (INCLUDING LOSS OF PROFITS AND RECOVERY FOR ATTORNEY'S FEES) WHETHER BASED ON CONTRACT, TORT OR ANY OTHER LEGAL THEORY.

The detailed Declaration of Andrea L. Spooner, a manager at Spooner Farms, submits examples of limitation of warranty and exclusionary clauses from three independent nurseries to demonstrate that Spooner Farm's exclusionary clause is common in the industry. (Andrea Spooner Decl. ¶ 6.) Andrea Spooner's declaration also outlines the exchanges of documents between the parties. (*Id.* ¶ 4.) Plaintiff Berry had more than one opportunity to read the terms of the exclusionary clause. On February 17, 2004, the original documents were delivered to DHL/Danzas in Guadalajara, where the raspberry stock was delivered, and Berry admits by email that it was notified of this delivery. (Spooner Decl., Ex. H; Casilla Decl., Ex. F.)

On February 25, 2004, a second delivery of the original invoice before shipment of the product was sent to Sun Belle Berries, designated by Plaintiff Berry. (Andrea L. Spooner Decl., Ex. J, DHL bill; and see Cassilla Decl. Ex. F.) Plaintiff Berry's contention that its agent Sun Belle did not provide it with the documents is unavailing under basic agency principles, acknowledged by the UCC. RCW 62A-1-103. "The general rule is that "the principal is bound by the act of his agent when he has placed the agent in such position that persons of ordinary prudence, reasonably conversant with business usages and customs, are thereby led to believe and assume that the agent is possessed of certain authority, and to deal with him in reliance upon such assumption." *E.g., Schoonover v. Carpet World, Inc.*, 91 Wn.2d 173, 176-77 (1978).

A third delivery of the documents was made by fax on February 25, 2004 to Plaintiff Berry's agent Sun Belle. Spooner Farms notes that Berry's contentions that it did not receive the original

ORDER - 5

invoices fails because (1) the raspberry stock could not be released from customs unless the original invoice – not a copy – was provided, and this is why Spooner Farms sends multiple original invoices approximately a week prior to shipment of the product (A. Spooner Decl. pp. 3-4.), and (2) Plaintiff Berry produced in its initial disclosure the entire terms of sale containing the exclusionary clause, in a font different from that printed on the boxes of the raspberry roots.

Finally, the exclusionary clause was printed in bright red on top of all 63 boxes of raspberry planting stock, and there is no dispute that Plaintiff Berry received and opened these boxes. Even if this were the only notice of the exclusionary clause, similar to the case in *Mortenson,* the clause is conscionable and enforceable.

Even if the CISG did apply, the exclusionary clause is still enforceable because Plaintiff paid the price for the goods and opened the package where the exclusionary clause was prominently displayed on top in red. (Article 18(3): "assent by performing an act, such as one relating to the dispatch of the goods or payment of the price ..."; Article 18(1): an additional term can be accepted by "conduct by the offeree indicating assent.") Also, under Article 9(2), "the parties are considered, unless otherwise agreed, to have impliedly made applicable to their contract or its formation a usage of which the parties knew or ought to have known and which in international trade is widely known to, and regularly observed by, parties to contracts of the type involved in the particular trade concerned." It appears that the placement of oral orders for goods followed by invoices with sales terms is commonplace, and while every term of the contract is not usually part of the oral discussion, subsequent written confirmation containing additional terms are binding unless timely objected to. *See, e.g., W.T. GmbH v. P. AG,* No. P4 1991/238 (ZG Bnasel, Switz. Dec. 21, 1992).

Spooner Farms' exclusionary clause is valid, it is not unconscionable, it is of a type commonly used in the nursery stock trade, and Plaintiff had ample opportunity to read the exclusion, which was prominently displayed in the invoices and on the shipping crates. Acceptance of Plaintiff's argument would result in sellers of nursery stock being virtual insurers of the crop regardless of the

ORDER - 6

1  vagaries of the weather or the individual farmer's practices or other influences over which the
2  nursery has no control.
3      ACCORDINGLY, IT IS ORDERED:
4      1.    Defendant's Motion for Summary Judgment [Dkt. # 10] is GRANTED.
5      2.    Plaintiff's Application to File a Supplemental Response [Dkt. # 26 ] is DENIED.
6      3.    This cause of action is DISMISSED, and the Clerk may enter Judgment for
7      Defendant Ken M. Spooner Farms, Inc.
8  DATED this 12th day of April, 2006.

                  FRANKLIN D. BURGESS
                  UNITED STATES DISTRICT JUDGE

ORDER - 7