UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BARBARA BERRY, S.A. de C.V.,

    Plaintiff,

    v.

KEN M. SPOONER FARMS, INC.,

    Defendant.

Case No. C05-5538FDB

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

    Plaintiff Barbara Berry moved for Reconsideration of the Court's Order Granting Spooner Farms Second Motion for Summary Judgment, entered April 3, 2009. At the Court's request, Spooner Farms filed a response, and the matter is now ready for the Court's decision.

    Plaintiff Barbara Berry again discusses the issue concerning the timing of expert disclosures, asserts that there are material issues of fact regarding the propagation of certified root stock and whether Spooner knew or should have known that Barbara Berry would propagate the certified root stock to produce additional plants, that Spooner's expert misled the Court regarding plants propagated from field grown plants as distinguished from certified root stock, and again asserts that Spooner breached its contract by supplying defective certified root stock.

ORDER - 1

The Court has already concluded that no implied warranties attached to the new plants created by Barbara Berry that Spooner Farms did not sell, and the Court is not persuaded to reach a different conclusion on reconsideration. The Court disagrees with Barbara Berry that Spooner knew or should have known that Barbara Berry wanted to propagate the certified root stock; there is much evidence in the record that Barbara Berry stated to Spooner that it needed more roots to plant and would like to know if other clients cancelled their orders to Spooner. If the implied warranty applied to the propagated plants, Barbara Berry had the burden of demonstrating that there was a defect that would cause crumbly fruit in the product at the time of delivery. There has been no such evidence produced, and, to the contrary, Rod Liepold planted, without problems, certified root stock genetically identical to the certified stock delivered to Barbara Berry. Also, as stated in the original order, Barbara Berry has not established proximate cause for an alleged defect. Finally, the Court finds nothing improper in Spooner Farms' utilization of its expert Craig Ford on its motion for summary judgment prior to the deadline for disclosure. Moreover, Barbara Berry had the burden of proof on its claims, and nothing prevented it from working with its own expert early on in supporting its claims. In conclusion, the Court declines to reconsider any portion of its original order.

NOW, THEREFORE, IT IS ORDERED: Plaintiff's Motion for Reconsideration of Order Granting Spooner Farms Second Motion for Summary Judgment [Dkt. # 72] is DENIED.

DATED this 20th day of May, 2009.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 2